IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FRANKLIN ROBSON,                              )          Civil Action No. 3:09-2553-MBS-JRM
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )
                                              )      **REPORT AND RECOMMENDATION**
MICHAEL J. ASTRUE, COMMISSIONER               )
OF  SOCIAL SECURITY                           )
                                              )
            Defendant.                        )
                                              )

      This case is before the Court pursuant to Local Civil Rules 73.02(B)(2)(a) and 83.VII.02, et

seq., DSC, concerning the disposition of Social Security cases in this District.  Plaintiff brought this

pro se action pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of

Social Security ("Commissioner") denying his application for a waiver of overpayment of disability

insurance benefits ("DIB").

                **ADMINISTRATIVE PROCEEDINGS/BACKGROUND INFORMATION**

      Plaintiff originally filed an application for DIB, in September 1994, alleging he became

disabled in August 1992 because of mental impairments.  See Tr. 31. In a decision dated August 29,

1996, Plaintiff was found disabled due to his mental impairment with an established disability onset

date of August 27, 1992.  Tr. 28-36.  Plaintiff received benefits on his earnings record on his own

behalf and on behalf of his minor children, who were eligible to receive benefits on Plaintiff's

earnings record.  See Tr. 114-16.

Plaintiff returned to work in 1996 as an independent contractor at Trident Technical College ("Trident"), and continued to work for Trident as an independent contractor (teacher) until June 1999, at which time he became a permanent employee on a two-year probation.   Plaintiff continued to work for Trident through at least 2005.  See Tr. 103, 105, 109, 121-22.

A Continuing Disability Review began in May 2000, because of Plaintiff's work activity. Tr. 43.  Correspondence from Robin M. Rose, Human Resources Specialist at Trident, dated May 18, 2000, stated that Plaintiff was a contract employee at Trident through June 1999 and became a permanent employee on a two-year probation beginning June 15, 1999. Plaintiff's earnings information for this work activity was provided to the Commissioner. Tr. 103.  On May 30, 2000, Plaintiff completed a work activity report stating that he worked at Trident as a contract instructor from October 1996 to December 1996. Tr. 105.  Plaintiff wrote that he worked from 1997 to 2000, with periods of time off between semesters.  He requested that his earnings during this time period "be averaged."  Tr. 107.   In a letter dated December 7, 2000, Plaintiff was advised by the Commissioner to stop cashing checks if he was still working. Tr. 44. In April 2003, the Commissioner determined that Plaintiff's trial work period[1] was June 1996 through February 1997

---

[1]A "trial work period" is a time during which Social Security beneficiaries may try out their ability to work by working in substantial gainful employment while still receiving their benefits. See 42 U.S.C. § 422(c).  The trial work period ends after the ninth month in which the beneficiary has been working.  The nine months in which work is done do not have to be consecutive. See id.  The "extended period of eligibility" (also called the "reentitlement period") is an additional three year period during which the beneficiary may work without having his benefits terminated completely. It begins after the trial work period.  See 42 U.S.C. § 423(e); 20 C.F.R. § 404.1592a.  During the extended period of eligibility, the beneficiary is not entitled to benefits during the months in which he works, but is entitled to benefits in months in which he or she does not work (without having to file a new application for benefits.  See 20 C.F.R. § 404.1592a.  After the extended period of eligibility, the beneficiary's disability payments are terminated completely if the beneficiary works at any time. See id.

(Tr. 52), and that his extended period of eligibility for benefits began March 1997 and ended June 2001 (Tr. 55). The Commissioner found that Plaintiff's disability ceased in March 1997, and that his benefit termination month was June 2001. Tr. 55. The Commissioner found that Plaintiff was not eligible for the benefits he received from June 1997 through December 1997 and June 1998 through June 1999 because of his work activity. Tr. 58, 63.

On June 18, 2003, the Commissioner determined that Plaintiff had been overpaid benefits during the periods of time he was working during his extended period of eligibility. Tr. 60-65. In February 2004, Plaintiff requested a waiver of his overpayment, and wrote that he "complied" when he received the letter to stop cashing checks. Tr. 67.

A report of contact dated March 22, 2006, indicated that Plaintiff was informed that his earnings exceeded substantial gainful activity levels for the periods June 1997 to December 1997, June 1998 to June 1999, and June 2001 to November 2004. It was discussed that Plaintiff should have returned any disability payments he received during these time periods (including the amounts he received on behalf of his minor children) and that he owed the agency a refund of $30,782.90. Tr. 131.

Plaintiff filed this action seeking judicial review of the final decision of the Commissioner, denying his request for waiver of an overpayment of DIB in the amount of $30,782.90. After Plaintiff's request for waiver of overpayment was denied, Plaintiff requested a hearing. Plaintiff appeared and testified, without counsel, at a hearing before an Administrative Law Judge ("ALJ") on November 7, 2006. Tr. 184-96. On March 27, 2007, the ALJ determined that Plaintiff was overpaid benefits, that he was not "without fault" in accepting the overpayment, and that recovery of the overpayment could not be waived. Tr. 20-27. The Appeals Council denied Plaintiff's request

for review on July 29, 2009, thereby making the decision of the ALJ the final decision of the Commissioner. Plaintiff filed this action on September 30, 2009.

## STANDARD OF REVIEW

The only issues before this Court are whether correct legal principles were applied and whether the Commissioner's findings of fact are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389 (1971) and Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). Under 42 U.S.C. §§ 423(d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, Plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." See 20 C.F.R. § 404.1505(a) and Blalock v. Richardson, supra.

## DISCUSSION

Plaintiff has not clearly articulated his arguments, but from review of his complaint, brief, and additional filing (on October 7, 2010) it appears that he argues that the ALJ's decision is not supported by substantial evidence. He appears to assert that the Commissioner, in the Commissioner's Brief, made arguments based on information that is not part of the record. The Commissioner contends that substantial evidence supports the final decision denying Plaintiff's request for waiver of an overpayment of Social Security benefits.

Section 204(a)(1) of the Social Security Act ("Act") provides:

Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Commissioner of Social Security....

4

42 U.S.C. § 404(a)(1).    The Commissioner is directed to require a person overpaid under this

subchapter to refund the amount in excess of the correct amount.  42 U.S.C. § 404(a)(1)(A).  The

effect of this section, however, is limited in that:

> there shall be no...recovery by the United States from [] any person who is without
> fault if such...recovery would defeat the purpose of this subchapter or would be
> against equity and good conscience.

42 U.S.C. § 404(b).

Whether an individual is "without fault" is a factual determination.  See 20 C.F.R. § 404.507.

What constitutes fault depends on whether the facts show if the incorrect payments to the individual

resulted from:

> (a) An incorrect statement made by the individual which he knew or should have
> known to be incorrect; or
>
> (b) Failure to furnish information which he knew or should have known to be
> material; or
>
> (c) With respect to the overpaid individual only, acceptance of a payment which he
> either knew or could have been expected to know was incorrect.

Id.   The Social Security Administration, in determining whether an individual is at fault, "will

consider all pertinent circumstances, including the individual's age and intelligence, and any

physical, mental, educational, or linguistic limitations...the individual has."  Id.

The Commissioner's "fault" determination "must be upheld if it is supported by substantial

evidence in the record as a whole."  Howard v. Secretary of Health & Human Servs., 741 F.2d 4, 8

(2d Cir. 1984).  The claimant has the burden of showing that he was "without fault with respect to

the overpayment." See Watson v. Sullivan, 940 F.2d 168, 171 (6th Cir. 1991). Any "fault" on the part

of the Commissioner in making the overpayments does not bring the claimant within the terms of the

waiver statue if the claimant was not free from "fault."  See 20 C.F.R. § 404.507; see also Watson,

940 F.2d at 172 (holding that a "bureaucratic lapse...will benefit a claimant only if he is totally blameless").

Although the ALJ cited the applicable law in his decision (see Tr. 24), the ALJ failed to address any of the factors outlined in 20 C.F.R. § 404.507 in determining that Plaintiff was not "without fault." Plaintiff was found disabled in 1992 based on a mental impairment. At the March 2007 hearing before the ALJ, the ALJ asked Plaintiff if he was still being treated. Plaintiff stated that he was still being treated for mental health impairments and that some mornings he could not get out of bed. Tr. 195. Plaintiff submitted some evidence of continuing mental health treatment. Tr. 179-183. In his decision, however, the ALJ did not discuss Plaintiff's mental limitations or the effect on whether he was "at fault." The Commissioner argues that Plaintiff's past employment as an attorney (prior to 1992 and prior to Plaintiff's receipt of benefits) and his work as an instructor at a technical college casts doubt on any claim by Plaintiff that his mental impairment interfered with his ability to understand his income reporting requirements. Review of the ALJ's decision, however, indicates that the ALJ did not address Plaintiff's age, intelligence, and/or any mental limitations he had.[2]

The ALJ appears to have found Plaintiff was not "without fault," based on the ALJ's determination that Plaintiff was not credible. Review of the ALJ's decision, however, reveals that the ALJ merely made the conclusory statement that "[t]he claimant is not credible in his

---

[2]In pro se cases, an ALJ has "a duty to assume a more active role in helping claimants develop the record." Sims v. Harris, 631 F.2d 26 (4th Cir. 1980)(citing Crider v. Harris, 624 F.2d 15 (4th Cir.1980)); Marsh v. Harris, 632 F.2d 296, 299 (4th Cir.1980) (stating that when a claimant appears without counsel, the ALJ should "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" and that "[w]here the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant the case should be remanded.")

representations regarding the circumstances surrounding the acceptance of the overpayment." Tr. 26.

In assessing a claimant's credibility, "[i]t is not sufficient for an adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered.' " SSR 96-7p. Instead, the credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record." Id.; Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985).

The Commissioner argues that Plaintiff is a convicted felon who was incarcerated for a year which detracts from the credibility of Plaintiff's statements. The ALJ in his decision, however, did not articulate this as a reason for discrediting Plaintiff.

## **CONCLUSION**

The Commissioner's decision is not supported by substantial evidence. This action should be remanded to the Commissioner to consider whether Plaintiff is entitled to a waiver of benefits pursuant to 42 U.S.C. § 404. In particular, the ALJ should consider all the pertinent circumstances outlined in 20 C.F.R. § 404.507, and make a proper determination concerning Plaintiff's credibility.

RECOMMENDED that the Commissioner's decision be **reversed** pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **remanded** to the Commissioner for further administrative action as set out above.

Joseph R. McCrorey
United States Magistrate Judge

June 28, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).